IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Greenville Division

Charles Carter
[Plaintiff]

Case# 9:26-cv-3600-JD-MHC

Jury trial Demanded

VS.

S. Mackey (RHU coordinator)
Mrs Butler -(Classification brci)
MR Keith -(Captain RHU brci)
MR. Cannin-(AW RHU brci)
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS (SCDC)
Stacy Richardson (State classification) ICC chairperson
Daniel harouff (~~AA~~ AW RHU Perry) ci (C034018)
Mrs Williams (Classification PCI RHU)
MR Hollbrook (Classification PCI)
Willie Dais (Regional Director/operations)
Sued in their individual and official capacity.
[Defendants]

AUG 21 2026 AM 9:36
FILED - USDC G'VILLE SC

## VERIFIED COMPLAINT FOR DAMAGES INJUNCTIVE AND DECLATORY RELIEF

(I) Introduction

①. This is a 42 U.S.C. § 1983 action filed by plaintiff Charles Carter a State prisoner alleging violation of its protected procedural Due process rights, Equal treatment, and right to be Free from Retaliatory conduct upon free speech under the 5th and 14th Due process clause

and 1st Amendment of the united States Constitution seeking Compensatory Damages in the amount of 1.5 million Dollars for loss of liberty without Due process, property, ~~and~~ prespective injunctive relief, and Declatory Judgment. Plaintiff also seek Damages under S.C. Code Ann 15-78-10 against SCDC for its Employee negligence and grossly negligence resulting in injury to Plaintiff in the amount of $300,000 and immediate termination of reccommended Defendants.

(ii) Jurisdiction

②. Jurisdiction of the court is invoked Pursuant to 42. U.S.C §§ 1331, 1343, 1981, 1983, and 1988.

③. Jurisdiction of the court is further invoked for supplement Jurisdiction Pursuant to 28 U.S.C. § 1367 for state tort Claims.

④. Jurisdiction is invoked to the court to enforce any and all other Causes, Claims, arguments not artificially articulated in the complaint.

(iii) Parties

⑤. Plaintiff- Charles Carter was in the physical custody of SCDC, PCI under interstate compact During the Events in the complaint.

⑥. Defendant - S mackey - RHU coordinator for SCDC, employee of SCDC signatory of SD placement, sued in his/her individual and official Capacity.

⑦. Defendant Mrs Butler Classification and committee person at Brcc During the Events in the complaint, Employee of SCDC sued in her individual and official capacity.

⑧. Defendant- Mr Keith was the captain of RHU at Brcc and committee Person During the events in the complaint, Employee of SCDC sued in his individual and official capacity.

(9). Defendant - Mr Cannon was the AW over RHU at BRCI and Committee person During the events in the Complaint Employee of SCDC sued in his individual and official capacity.

(10). Defendant - South Carolina Department of Correction SCDC, liable for its Employees acts and omissions.

(11). Defendant - Stacy Richardson - State classification, committee person head member. Employee of SCDC. sued in her individual and official capacity.

(12). Defendant Daniel harouff - AW at Perry Correctional institution, RHU, Committee ~~Staff~~ person employee of SCDC, sued in his individual and official capacity. C034018

(13). Defendant - Mrs ~~E~~ Williams Classification at perry suppose to be over RHU inmates, Committee head person (Chair) Employee of SCDC sued in her individual and official capacity.

(14). Defendant - Mr. Holbrook Classification at perry committe person Employee of SCDC sued in his individual and official capacity.

(15). Defendant - Willie Davis - Regional Director, operations for SCDC Employee of SCDC sued in his official capacity.

(16). At all times relevant Defendants acted and continue to act under the color of state law.

(iiii) FACTUAL ALLEGATIONS

(17). Plaintiff is a state prisoner, Convicted in the State of wyoming in 2017 in Feb. 2025 pursuant to the interstate corrections compact Plaintiff was transfered to the Physical custody of Defendant SCDC, W.S. 25-1-105 and S.C. code Ann § 24-11-10 et seq and attached agreement (Exhibit - A).

(18). on June 30, 2025 while housed under the physical restraint of Defendant-SCDC at broad river correctional institution after Plaintiff had an Altercation/Fight with the same inmate that violently stabbed Plaintiff (4) four Days prior, Plaintiff was immediately Placed in RHU, the other inmate was allowed to go back to his Dorm.

(19). The next Day Defendant Cannin the AW for RHU at the time said (you gonna be here for a while ima (SD) you, SD is security ~~Dete~~ Detention Defendant Cannin had already Established that I would be SD indefinitely without any Due process, I was not charged formally for the incident on June 30 2025. At the time I had no Idea of what SD was.

(20). on July 3rd 2025 without receiving any notice of 48 hours of any SD board ~~[illegible]~~ hearing mandated by Defendant South carolina Department of Corrections (SCDC) Policy, and not even had been Explained of its purpose until I was seated, at which time i met for the first time Defendant-Mrs butler, and Keith, as well as then AW Cannin, at the conclusion of this 7 min hearing Plaintiff was recommended (SD-2) Security Detention Due to striking an I/m w/wo a weapon - striking an inmate with or without a weapon, I told Defendant butler that Defendant cannin told me when i first got to RHU that he was gonna SD me so their Decision is not impartial and pre Determine for the fact that the Decision is based off of Disciplinary record and institutional history. state created liberty interest

(21). Defendant-Cannin, Keith, butler recommended Plaintiff be SD-2 and it was approved on July 24-2025 by Defendant-S mackey and Stacy Richardson ICC Chairperson and SCDC, however at this time the Charged of striking an inmate with or without a weapon was Dropped to a simple fighting another inmate.

(22). Plaintiff had a constitutional right mandated upon SCDC police and Due process Clause of the fifth and fourteenth amendment of the united states Constitution and defendant, Cannin, Keith, butler and SCDC, mackey Deprived Plaintiff of its liberty and property with Due process by failing to

pratde Plaintiff adequate notice before the SD board. Plaintiff hold a State created liberty interest in avoiding being Placed on SD.

(23). being moved from a General population setting Placed on St which is short term maximum 60 days, But plaintiff was only on it not even a full 7 days and Placed on SD was Atypical and significant hardship which plaintiff had a reason to avoid such placement, as provided below:

(A). In general population, inmates are allowed contact visits per week with family and friends without restraints.

1 (a) SD- Security Detention inmates are NONE—

(B). In general population inmates are allowed upon their custody Level. Unlimited Phone calls, 4 Phone calls a Day, 1 Daily with access to its assigned tablet.

2 (b). SD- Security Detention we only get 1 15 min Phone call a month for SD-2. and NO access to tablet, Electronic message System, Policys or programing on the tablet. these condition last for 90 day period

(C). In general population inmate enjoy going to canteen to purchase food + Drink items, hygiene, and over the counter medical care treatment.

3 (c) SD-2 Security Detention we have to use state issue hygiene no other items, [redacted] toothpaste, tooth brushs, 1 bar of soap monthly, and restricted to 2 pair of socks 1 towel, Face cloth, Cracks monthly.

(D). In general population inmates are allowed outside recreational activitys in groups without restraints.

4 (d) SD-2 inmates are forced to strip searches anytime we are removed from our cell, full restraints including Black box with 2 or 3 security staff member.

(E). In general population inmates enjoy walking to the cafertira to eat with other inmates, socialize

(e) SD- Security inmates have to eat in our cell inches away from the toilet small portion of food and its served cold.

(F) In general population inmates get good time credits

(f) SD inmates are maxed at.

24. Plaintiff SD-status is indefinite but that incarceration on regular disciplinary Lock up status in RHU is min 5 to 15 days max 60 days

25. Plaintiff is receiving no programming.

26. Plaintiff was freshly new to Defendant-SCDC and had no more then possibly 3 discipliary charges and the reason for being placed on SD is outside of the Criteria listed 9.1 - 9.6, fighting another inmate is not a warrant reason, even if it was Defendants subjected Plaintiff to such Deprivation without Plaintiff Being Formally charged with a Disciplinary infraction before being reccommended and approved.

27. SCDC, South carolina Department of corrections policies and procedures inmate classification Plan O.P. 21.04 at 30.7.1 provides in part: Reviews of each inmate's custody, Job assignment, housing assignment and treatment Programming shall be conducted on a regular basis. A reclassification review will take place on an annual basis. Classification reviews may also be conducted as a result of a status change. (Inmates will be provided with written notice of their hearing (SCDC Form 18-34, 48 hour notice) at least 48 hours prior to the same. at 34 (Procedures before ICC hearings) The Following steps will be taken by the classification case manager/case worker prior to the hearing notify the inmates who are scheduled to appear before the committee in writing at least 48 hours prior to the hearing.

28. Thus Defendants acts and omission of failing to adhere to the applicable policy of affording plaintiff notice, 48 hour notice of its SD Board was a continued practice at SCDC Facility was negligence and grossly negligent because they knew that a policy Exist and failed to follow it resulting in Plaintiff loss of liberty without Due process and 14th Amendment Clause, and was reckless ness, disregard to plaintiff, safety and security, and Expose Plaintiff to a risk of harm.

29. The continue failure to afford Plaintiff 48 hour notice being a Continued practice in SCDC, This issue occured while still in SCDC

Physical custody at perry institution the same failures.

(30) on 4-23-2026, Defendant haruff, williams failed to afford Plaintiff 48 hour notice of its SD Board, Defendant-haruff told sgt loftis that he advance me to SD-3, however after I started written medical complaints against his wife, nurse Donna Ashley haruff. Defendant haruff sent message by MHO Strong that I Did not get Advanced.

(31) on May. 19th, 2026 Defendant haruff, williams again Denied me 48 hour notice, conducted my SD Board, manipulated the record stating now that Plaintiff was placed on SD for fighting with a weapon, at the conclusion of the hearing I was recommended stay on SD-2 and Defendant haruff, and williams failed to provide me with the require RHU committee Review form (19-30) which provides its finding for its recommendations.

(32) Defendant haruff told me I will Die in his Dorm because I reported MHO Marie Cox sexual relationship with multiple sgt and lts at perry including Defendant haruff, I reported an incident of coming back from Dental and smelling a very fishy odor of sex and perfum, Aw wents and haruff covered this up and their still sexually involved with her.

(33). I was Denied my right to appeal the SD Board because Defendants failed to provide me the required document after the hearing. I made contact with Defendant holbrook and he told me contrary to policy that I had to write him a request in order to get the committe review Decision, this Denied me my Procedural Due process, Defendant. Stacy Richardson upheld the SD Board review recommendation

(34). It's not fair for Defendant haruff to get payed by inmate family members to ~~[struck]~~ remove them off of SD But he Deprive other inmates of their procedural Safe guards.

35. Thus Defendant. haraff, William, holbrook. SCDC Denied Plaintiff its procedural Due process to 48 hour notice of the SD Board, a meniful opportunity to be heard, SCDC policys mandated 48 hour notice of its hearings.

36. Defendant. SCDC, Stacy richardson, willie Davis have over all authority to release Plaintiff from SD, however they choose to retaliate against Plaintiff off of Lawsuit filed against SCDC. Defendant haraff retaliated because of Plaintiff written up his wife nurse haraff and she is not even suppose to be working at perry because she got caught having sex with a Black staff member at perry.

37. If Plaintiff Dies while at perry, he has been suffering a medical Condition that nurse haraff, NP Enloe, nurse taylor, HCA burgess, Aw haraff, Capt Chandler, MHO Cox, Sgt loftis, Sgt Brown, Lt barzinski, thompson, Aw wents Aw Duffy, each have participated in exposing me to Conditions casing Fluids to Release in my head face, Denied medical emergency chest pain, Deliberate Delay in medical treatment, Deliberate Delay in responses, nurse Rodrigez Jenny, I have an infection and their Conspiring to kill me by failing to treat me, Please review my records sick calls, my hearing I had set for Aug. 11th 2026 was Consel in Exchange for an unreasonable x ray which was not approved, my mail is being tampered with & ask for an Investigation outside of SCDC if I Die before relief is Granted in this action.

38. LASTLY, Defendant. Cannin, butler, Keith, SCDC, Richardson. haraff, williams holbrook Davis violated Plaintiff Equal protection rights by treated Plaintiff different from SCDC convicted inmates, Plaintiff is interstate compact and was put on Security Detention for a fight when the other inmate that is well Known in SCDC by Defendant. butler, keith, Cannin, SCDC, Richardson. Davis haraff. williams holbrook, other inmates can Pay Defendant to get off SD which is illegal and against policy, plaintiff is similarly situated to SCDC

inmates, though he's interstate compact, and their unequal treatment towards Plaintiff was intentional and purposeful and discrimination of plaintiff. thus violating its fourteenth Amendment of the Due process Clause.

(39). Defendants cannin, keith, butler, mackey, Richardson each conspired to in a civil conspiracy when the SD Board committee members independently concurred with the decisions of the higher SD Board review committee members to deprived plaintiff of its procedural Due process when it failed to afford him 48 hour notice of the hearing, such as an agreement to violate Plaintiff Due process rights and they acted in an unauthorize manner.

(40). Defendant haraff williams and holbrook each conspired in a civil conspiracy as it manipulated the records and added allegations of why Plaintiff was placed on SD, and its receiving funds from other inmates relative to move them off SD, thus in an unauthorize manner, conspired and agreed to violate plaintiff fourteenth Amendment. Plaintiff has been on SD for 12 months now.

## Grounds for relief

(41). WHEREFORE Plaintiff brings forth its Grounds for relief.

~~(A) Ground one - Defendant violated Plaintiff Procedural Due process rights of the fourteenth Amendment~~

(A). Ground one - Defendant haraff, cannin, keith, butler, williams, holbrook, mackey Richardson and davis, SCDC violated Plaintiff due process rights under the fourteenth Amendment. by failing to provide him notice of the SD Board hearing, 48 hour notice, resulting in a loss of liberty, property, mental Anguish and other substantial losses.

(B). Ground two - Defendant haraff, williams, holbrook, keith. butler. cannin mackey, Richardson Davis and SCDC violated Plaintiff equal protected rights by treating him Different then similar situated inmates and SCDC

Convicted inmates in a discriminatory intentional manner violated its fourteenth Amendment of the Due process clause of the united states Constitution. resulting in a loss of liberty, property family relations mental and Emotional injurys. Plaintiff been on SD for 12 months since initial placement.

(C). Grand three — Defendant. havaff Retaliatory conduct for plaintiff filing ~~Amend~~ Administrative complaint against his wife violated plaintiff first Amendment right, the speech is protected By the first Amendment, he took adverse action by Denying my SD Advance and it accured Days before and after the hearing. thus violating Plaintiff first Amendment right of the united states constitution. resulting in Loss of liberty, property, mental Anguished, for 12 months since initial placement on SD.

(D). Grand four — Civil Consprinacy against. Defendant cannin, butler, keith, havaff, williams, SCDC, Richardson, mackey, holbrook, Davis Agreed to violate Plaintiff fourteenth Amendment right of the united states Constitution, resulting in a loss of personal liberty, mental and Emotional injurys.

(E). Grand five — Defendant. havaff, williams, Davis. Richardson, holbrook, Cannin. keith, butler, mackey was negligent and grossly negligent by failing to follow SCDC policy to afford Plaintiff 48 hour notice to its hearing and a Direct result of their Departure of their official Duty SCDC is liable Of their acts and ~~ommiss~~ omission in their official capacity in violation of S.C. code Ann 15-78-10 resulting in the unecessary infliction of wanton pain, recklessness disregard to plaintiff health, safety and security...

## Relief Requested

(42). WHEREFORE PLAintiff seeks the following relief:

(F). Injunctive Relief. against SCDC, Davis, Stacy Richardson, havaff, willims mackey to release Plaintiff off of SD without Delay, and prohibited any Future housing or custody of SD unless Plaintiff engage in serious violent conduct, for violating Plaintiff right to Notice.

(G). Injunctive Relief Defendant havaff, williams, holbrook mackey from any participation of any Future classification hearing custody Level review and or transfers.

(H). Termanatean of Defendant. harwff, Richardson, williams for receiving Funds from inmates to get off SD.

(43). (I). Declaratory Judgment against Defendant. butler, cannin, Keith, haraff, williams halbrook, mackey SCDC that the failure to afford plaintiff 48 hour notice of hearing violated plaintiff Due process.

(J) Declaratory Judgment against Defendants that their actions Demonstrate civil conspriancy. Defendant. Keith, Cannin, butler, haraff, Richardson, williams, holbrook,.

(44). (K). Award Plaintiff. Damages Consequental, punitive for its Due process violations $1.5 million for loss of liberty for 12 months SD) Jointly and serverllay

(L) Award Plaintiff $300,000 for its state Law Claims. Loss of liberty 12 months on SD

(M). Grant any Further relief the courts Deem appropriate,

(N) Termination of Defendants found of civil conspriancy.

(45). Plaintiff preserve its right to Amend the complaint to cure any Errors.

(46). Plaintiff request Assignment of counsel.

Pursuant to 28. U.S.C. §1746, I declare under the Penalty of perjury that the foregoing is true and correct.

Date. Aug. 16-2026

Charles L Carter 396340

430 oak lawn rd

Pelzer SC 29669